**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAUL BERGER, AS TRUSTEE OF THE PAUL BERGER REVOCABLE LIVING TRUST, Derivatively on Behalf of Nominal Defendant EOS ENERGY ENTERPRISES, INC.,<br><br>Plaintiff,<br>v.<br><br>JOE MASTRANGELO, *et al.*,<br><br>Defendants,<br><br>and<br><br>EOS ENERGY ENTERPRISES, INC.,<br><br>Nominal Defendant. | Case No. 2:26-cv-02587-EP-CF<br><br>**JOINT STIPULATION AND ORDER CONSOLIDATING DERIVATIVE ACTIONS, APPOINTING CO-LEAD COUNSEL AND LIAISON COUNSEL, AND STAYING CONSOLIDATED ACTIONS** |
| RONALD F. SKAFF, Derivatively on Behalf of Nominal Defendant EOS ENERGY ENTERPRISES, INC.,<br><br>Plaintiff,<br>v.<br><br>JOSEPH NIGRO, *et al.*,<br><br>Defendants,<br><br>and<br><br>EOS ENERGY ENTERPRISES, INC.,<br><br>Nominal Defendant. | Case No. 2:26-cv-03158-EP-CF |

Plaintiffs Paul Berger, as Trustee of the Paul Berger Revocable Living Trust ("Berger") and Ronald F. Skaff ("Skaff") (together, "Plaintiffs"), nominal defendant Eos Energy Enterprises, Inc. ("Eos" or the "Company"), and individual defendants Joe Mastrangelo ("Mastrangelo"), Nathan Kroeker ("Kroeker"), Joseph Nigro, Jeff Bornstein, Claude Demby, Alex Dimitrief, Jeff McNeil, Gregory Nixon, Nick Robinson, Marian Walters and David Urban (collectively, the "Individual Defendants; together with Eos, "Defendants"; and together with Plaintiffs, the "Parties"), jointly submit this stipulation and proposed order to consolidate and stay the above-captioned stockholder derivative actions (the "Derivative Actions") on the terms set forth herein, and to appoint co-lead counsel and liaison counsel for Plaintiffs, and in support thereof, state as follows:

WHEREAS, a related putative securities class action arising under the Securities Exchange Act of 1934 ("Exchange Act") is pending in this District styled *Yung v. Eos Energy Enterprises, Inc., et al.*, Case No. 2:26-cv-02372-EP-CF (D.N.J. filed March 6, 2026) (the "Related Securities Class Action");

WHEREAS, on March 13, 2026, Plaintiff Berger filed his verified shareholder derivative complaint against the Individual Defendants, on behalf of Eos, alleging breaches of fiduciary duty under Delaware law and contribution for violations of Section 10(b) of the Exchange Act;

WHEREAS, on March 25, 2026, Plaintiff Skaff filed a substantially similar derivative action in this District against the same Individual Defendants on behalf of Eos, alleging breaches of fiduciary duty under Delaware law and contribution for violations of Section 10(b) of the Exchange Act;

WHEREAS, the Derivative Actions arise from facts that are substantially identical to those alleged in the Related Securities Class Action filed against Eos, Mastrangelo and Kroeker;

WHEREAS, Plaintiffs agree that the Derivative Actions contain substantially similar factual and legal contentions and that the administration of justice would be best served by consolidating the Derivative Actions and appointing Co-Lead Counsel and Liaison Counsel as set forth herein;

WHEREAS, without waiving any rights, arguments or defenses, Defendants agree that the Derivative Actions should be consolidated and take no position regarding the appointment of Co-Lead Counsel and Liaison Counsel;

WHEREAS, Plaintiffs and Defendants further agree that given the similar factual allegations in the Derivative Actions and the Related Securities Class Action and that the outcome of anticipated motions to dismiss the Related Securities Class Action will be informative to the litigation of the Derivative Actions, the Derivative Actions should be stayed to avoid inefficiencies and duplicative efforts and better preserve the resources of the Court and the Parties; and

WHEREAS, this stipulation is not a waiver of any of the Parties' rights, remedies, claims, or defenses.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, as follows:

1. Without waiving any rights, defenses, or other objections, except as to sufficiency of service, undersigned counsel for Defendants accepts service of the complaints in the Derivative Actions, on behalf of all Defendants.

2. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Derivative Actions are hereby consolidated for all purposes, including pretrial proceedings, trial, and appeal, and are referred to herein as the "Consolidated Derivative Action."

3. The file in *Berger v. Mastrangelo, et al.*, Case No. 2:26-cv-02587-EP-CF, shall constitute the Master File for every action in the Consolidated Derivative Action. When a document being filed pertains to all actions, the phrase "This Document Relates to All Actions" shall be placed on the cover page. When a document being filed pertains only to some, not all, of the actions, the document shall list on the cover page the phrase "This Document Relates To:" and the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in said action.

4. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, shall bear the following caption:

| IN RE EOS ENERGY ENTERPRISES, INC. STOCKHOLDER DERIVATIVE LITIGATION | Master File No. 2:26-cv-02587 |
|---|---|

5. Paskowitz Law Firm P.C. ("Paskowitz Firm") and Shuman, Glenn & Stecker ("Shuman Firm") are designated Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action. Plaintiffs believe that their counsel, the Paskowitz Firm and the Shuman Firm, are qualified to advocate for Plaintiffs. *See* Firm Résumés attached hereto as Exhibits A and B.

6. Kantrowitz, Goldhamer & Graifman, P.C. ("Kantrowitz Firm") is designated as Plaintiffs' Liaison Counsel in the Consolidated Derivative Action and shall perform all tasks expected of New Jersey counsel, including ensuring timely and appropriate filings and communications with the Court. *See* Firm Résumé attached hereto as Exhibit C.

7. Defendants take no position on the qualifications or appointment of Co-Lead Counsel or Liaison Counsel for Plaintiffs.

8. Co-Lead Counsel shall represent Plaintiffs in the prosecution of the Consolidated Derivative Action, determine and present to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial negotiations, delegate and monitor the work performed by Plaintiffs' attorneys to ensure that there

is no duplication of effort or unnecessary expense, coordinate on behalf of the Plaintiffs the initiation and conduct of discovery proceedings, have the authority to negotiate matters with Defendants' counsel, and perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court. Defendants' counsel may rely on all agreements made with either of Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all Plaintiffs.

9. Unless otherwise ordered, this Joint Stipulation and Order shall apply to each derivative case arising out of the same, or substantially the same, transactions or events as the Consolidated Derivative Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court. Co-Lead Counsel shall assist the Court by calling to the attention of the Court the filing or transfer of any such action, and Co-Lead Counsel shall assure that counsel therein receive notice of this Joint Stipulation and Order.

10. All papers and documents previously filed and/or served in the Derivative Actions shall be deemed a part of the record in the Consolidated Derivative Action.

11. All proceedings in the Consolidated Derivative Action, including without limitation (i) all deadlines, hearings, and conferences, (ii) motion practice, (iii) obligations to move, answer, plead, or otherwise respond to the complaints filed

in the Derivative Actions, and (iv) discovery and disclosure obligations under the applicable local and federal rules, shall be stayed until fourteen (14) days after the entry of judgment in the Related Securities Class Action and the exhaustion of any appeal(s) therefrom.

12. Within fourteen (14) days of the termination of the stay, the Parties shall meet and confer and shortly thereafter submit to the Court a proposed schedule for resuming proceedings in the Consolidated Derivative Action, including dates by which Plaintiffs must deem one of their complaints operative or file a consolidated complaint (if Plaintiffs have not already done so), and a date by which Defendants must answer, move against or otherwise respond to the operative complaint, and any associated briefing schedules.

13. Notwithstanding the agreed-upon stay of the Consolidated Derivative Action, Plaintiffs may file a consolidated complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to such complaint during the pendency of the stay.

14. Defendants shall promptly notify Plaintiffs of any derivative actions filed in any forum involving Eos regarding substantially similar or the same allegations as those made in the Consolidated Derivative Action ("Related Derivative Action"), as well as any demands under Section 220 of the Delaware

General Corporation Law regarding substantially similar or the same allegations as those made in the Consolidated Derivative Action (a "Section 220 Demand").

15. In the event that a mediation or court-ordered settlement conference is held in an effort to settle the Related Securities Class Action, counsel for Defendants shall provide Co-Lead Counsel for Plaintiffs with reasonable advance notice of said mediation and shall make a good faith effort to include Plaintiffs in such mediation (subject to permission from that court and/or other parties to the mediation and/or settlement conference, as well as any insurers). In the event that Plaintiffs are not permitted to attend such mediation and/or settlement conference, Defendants will make a good-faith effort to mediate separately with Plaintiffs within a reasonable time after the mediation of the Related Securities Class Action. Defendants shall inform Co-Lead Counsel for Plaintiffs promptly upon the scheduling of any mediation with any other plaintiffs in a Related Derivative Action and shall include Plaintiffs in any such mediation.

16. Defendants shall promptly produce to Plaintiffs any documents produced to plaintiffs in a Related Derivative Action or produced in response to a Section 220 Demand, conditioned on the agreement by Plaintiffs and their counsel to the terms of a customary confidentiality agreement and/or protective order, agreeable to both Parties, that permits Plaintiffs to use that discovery or books-and-records production in the Derivative Action. Plaintiffs acknowledge that the

Securities Class Action is currently subject to a mandatory discovery stay, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and agree not to share any documents or information provided pursuant to the terms of this Stipulation with plaintiff(s) in the Securities Class Action or any other actions. Absent agreement of the Parties (after a good-faith attempt to meet and confer) or an order of the Court, Plaintiffs further agree that they will not use any documents or information provided pursuant to the terms of this Stipulation in any amended complaint filed in this action unless and until the PSLRA discovery stay has been lifted in the Securities Class Action.

17. To the extent the court in the Related Securities Class Action denies the defendants' motion to dismiss and the Related Securities Class Action proceeds to discovery, Defendants will provide Plaintiffs with copies of the documents produced by defendants in the Related Securities Class Action.

18. Any provision of documents pursuant to this Stipulation will not constitute a waiver of, or in any way limit, Defendants' right to file a motion to dismiss the Derivative Action.

19. The Parties reserve, and expressly do not waive, all rights, remedies, claims, and defenses not specifically addressed herein.

20. Because *Skaff v. Nigro et al.* (Case No. 2:26-cv-3158) is now part of the Consolidated Derivative Action, that case is hereby ADMINISTRATIVELY TERMINATED and shall be closed by the Clerk of Court.

Dated: April 8, 2026

Respectfully submitted,

/s/ Gary S. Graifman
Gary S. Graifman
**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
135 Chestnut Ridge Road
Montvale, NJ 07646
Telephone: (201) 391-7000
E-mail: ggraifman@kgglaw.com

*Proposed Liaison Counsel for Plaintiffs*

Laurence D. Paskowitz
(*pro hac vice* forthcoming)
**PASKOWITZ LAW FIRM P.C.**
97-45 Queens Boulevard, Suite 1202
Rego Park, NY 11374
Telephone: (212) 685-0969
Email: lpaskowitz@pasklaw.com

*Counsel for Plaintiff Paul Berger, as Trustee of the Paul Berger Revocable Living Trust, and Proposed Co-Lead Counsel for Plaintiffs*

**SHUMAN, GLENN & STECKER**
Brett D. Stecker
(*pro hac vice* forthcoming)
326 Lancaster Ave.
Ardmore, PA 19003
Telephone: 303-861-3003
Email: brett@shumanlawfirm.com

*Counsel for Plaintiff Ronald F. Skaff and Proposed Co-Lead Counsel for Plaintiffs*

/s/ Ryan Chabot
Ryan Chabot
Charles C. Bridge
(*pro hac vice* forthcoming)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(t) (212) 230-8800
ryan.chabot@wilmerhale.com
charles.bridge@wilmerhale.com

Michael G. Bongiorno
(*pro hac vice* forthcoming)
Timothy J. Perla
(*pro hac vice* forthcoming)
Erika Schutzman
(*pro hac vice* forthcoming)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
(t) (617) 526-6000
michael.bongiorno@wilmerhale.com
timothy.perla@wilmerhale.com
erika.schutzman@wilmerhale.com

*Counsel for Defendants and Nominal Defendant*

Beth A. Keller
**LAW OFFICES OF BETH A. KELLER, P.C.**
118 North Bedford Road, Suite 100
Mount Kisco, NY 10549
Telephone: (914) 752-3040
Email: bkeller@keller-lawfirm.com

*Additional Counsel for Plaintiff Paul Berger, as Trustee of the Paul Berger Revocable Living Trust*

**IT IS, on this 13th day of May, 2026,**

**SO ORDERED.**

***/s/ Cari Fais***
HON. CARI FAIS, U.S.M.J.